IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAVANNAHRE PHILLIPUS, | ) Civil Action |
| | ) No. |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| MEDLINE INDUSTRIES, LP, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**FIRST COMPLAINT FOR DAMAGES**

COMES NOW, Plaintif Savannahre Phillipus ("Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant Medline Industries LP ("Defendant") pursuant to the Family Medical Leave Act ("FMLA"), and shows the Court as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett, GA, 30092.

6.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2021 and 2022 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

7.

Plaintiff was employed by Defendant for more than 12 months before her work absences in 2022.

8.

Plaintiff worked more than 1250 hours in the 12 months preceding her work absences in 2022.

9.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA.

## FACTUAL ALLEGATIONS

10.

Plaintiff was employed by Defendant from around August of 2020 through March of 2022.

11.

Plaintiff was employed by Defendant to drive forklifts.

12.

13.

On or about March 3, 2022, Plaintiff was bending down to pick up a box.

14.

While Plaintiff was bending down, she heard a pop in her right knee.

15.

Plaintiff immediately was overwhelmed with pain, began crying, and needed to sit.

16.

Management, including Plaintiff's Supervisor Freddy Ingram, arrived at the site of Plaintiff's injury.

17.

On the same day, Plaintiff went to visit a doctor at the Family Health Clinic in McDonough, Georgia.

18.

There, Plaintiff was informed that she had an acute injury to her right knee.

19.

Family Health Clinic provided Plaintiff with pain medication and a knee brace.

20.

The physician at Family Health Clinic also told Plaintiff that she would need to be on light duty until she was able to get an MRI of her knee.

21.

Per Plaintiff's physician, she was also told she would need to take breaks, stay off her leg and stay off the forklift.

22.

On March 10, 2022, Plaintiff returned to work.

23.

Plaintiff informed her employer of the physician's orders referenced in Paragraphs 20-22.

24.

Plaintiff's employer refused to provide her with light duty and told her she would need to continue working on the forklift.

25.

Employer also informed Plaintiff that she would not be allowed to take breaks, or she would be reprimanded.

26.

Plaintiff attempted to continue working on the forklift throughout the week of March 10, 2022.

27.

On March 17, 2022, Plaintiff took off work because her knee was in so much pain.

28.

On March 18, 2022, Plaintiff returned to work.

29.

Defendant provided Plaintiff with a reprimand, purportedly for a violation of the attendance policy.

30.

On April 1, 2022, Plaintiff received a raise, consistent with the raises all employees in the warehouse received.

31.

Plaintiff received an excellent performance review.

32.

Plaintiff got her period on the same day and needed to leave to clean up.

33.

On April 2, 2022, Grady Hospital called Plaintiff to inform her that her son was in a severe accident.

34.

Plaintiff needed time off work to care for her severely injured son.

35.

Plaintiff applied for FMLA on April 3, 2022.

36.

Plaintiff's minor son suffered a serious health condition, as that term is defined by the FMLA, or which Plaintiff's employer had knowledge

37.

On April 4, 2022, James Ellis, Plaintiff's manager, called Plaintiff and told her that she did not come in to work on Saturday, March 26, 2022.

38.

On April 4, 2022, the day after Plaintiff applied for FMLA, Defendant terminated Plaintiff's employment.

39.

Defendant claims that Plaintiff was terminated because she did not some to work on March 26, 2022.

40.

Defendant's purported reason for terminating Plaintiff is pretextual.

41.

Besides Plaintiff, 10-11 other employees also did not come to work on

March 26, 2022, and were not terminated.

42.

Moreover, the employer posted all mandatory messages on the company shift board.

43.

Plaintiff never received a message stating that her attendance was required on Saturday, March 26, 2022.

44.

Plaintiff's employment schedule was 7 am to 3 pm Monday through Friday.

45.

Plaintiff's employer never mandated that she worked on a Saturday.

## CLAIMS FOR RELIEF

## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
## COUNTS I AND II
## (FMLA INTERFERENCE AND RETALIATION)

46.

Plaintiff repeats and re-alleges paragraphs 1-45 as if set forth fully herein.

47.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

48.

Plaintiff was an eligible employee under the FMLA.

49.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling her to all appropriate relief under the statute.

50.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

51.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

52.

As a result of the termiantion, Plaintiff has suffered damages, including lost wages for which she is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(b) Reasonable attorney's fees and expenses of litigation;

(c) Trial by jury as to all issues;

(d) Prejudgment interest at the rate allowed by law;

(e) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(f) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(g) All other relief to which she may be entitled.

This 23rd day of November, 2022,

                                                    **BARRETT & FARAHANY**

                                                    s/V. Severin Roberts
                                                    V. Severin Roberts
                                                    Georgia Bar No. 940504
                                                    *Attorney for Plaintiff*

P.O. Box 530092
Atlanta, GA 30353-0092
(404) 214-0120
severin@justiceatwork.com